The Judges in this Case delivered separate Opinions.
Chief Justice Robertson
The appellee, (James ÁI-lin,) as surviving executor of William Shadburne, deceased, sued the appellants, as the executors and heirs of Thomas Shadburne, deceased, in debt, upon a bond executed to the said Allin and another, as executors of William .Shadburne, by Thomas Shadburne and James Allin. The declaration contains two counts ; the first describes the bond as an obligation by Thomas Shadburne onlythe second describes it as an obligation signed by Thomas Shadburne and James Allin. The bond, as exhibited upon oyer, purports to have been'signed by both Thomas Shadburne and James' Allin.
The appellees demurred to the declaration, and filed a plea in bar, averring that James Allin the obligor, and James Allin the obligee, were but one and the same person.
The circuit court overruled the demurrer to the declaration ; and, having'also overruled a demurrer to the-plea, rendered judgment against (lie appellant ; to reverse which, this appeal is prosecuted.
We cannot perceive any ground for demurring to the declaration, unless the appellants (erroneously) supposed that the first count was defective because it described a bond with two signatures as the obligation of only one person ; and that the second count was not good, because it averred that “James Allin” was one of the obligors. But neither of these objections can have any influence. There is no necessary discrepancy between the bond as declared on, and as exhibited ; the simple fact that the *69 name-of James Allin appeared to be subscribed, does not shew that he is an obligor, and cannot be available on demurrer. Nor is it a legal deduction, from the identity of names in the second count, that “ James Jlllin” the obligor, is “ James Jlllin” the obligee. Wherefore, as the declaration appears, -in all respects, to be substantially good, the demurrer to it was properly overruled.
That obligor 8f obligee are the same person, is not a legal deduction from the identity of the names.
Voluntary acts of an obligee, which suspend his right of action : as his marriage with, the obligor, appoint ment of Ins debtor,who accepts the office, executor, ^c.-do, in general, release the cause of action,to such deb. tors — and their co-obligors, also ; for a release to @ne is a release to all.
If tvvo'persons make ajoint obligation, paya-aole to one of themselves, it is void as to the latter, and is, in effect, the sole obligation ofthe other - against whom the obli- ■ gee (though his own name is to the bond as a co-obligor)may maintain his action at law, for the whole sum.
The plea cannot be aided by the familiar doctrine as to “ confusion of partiesbecause the same person was not both plaintiff and defendant. Nor can it be sustained on the ground of a release of the cause of action, by operation of law.-
When a legal cause of action, once subsisting, has been suspended by the voluntary act of the party who was entitled to it, it is, in most cases, considered as released by law. Thus, if the obligee marry the obligor, and thereby suspend the cause of action, the law deems the marriage a release of the legal obligation. So, if a creditor make one of several joint debtors, or joint and several debtors, his executor and the executor qualify as such, the whole legal obligation is thereby extinguished ; for, as an executor cannot sue himself, the creditor, by appointing one of his debtors his executor, voluntarily suspends, and thereby, in contemplation of law, releases the cause of action as to such debtor ; and a release to one operates as a release to all.
Consequently, if the bond, in this case, had been given to the testator, (William Sliadburne,) the subsequent appointment of one of the obligors to be his executor would, by operation of law, have released both of the obligors from their prior legal liability. But, James AI-lin could not make a contract with himself. The aggregate menlium, indispensable to the making of a contract, forbids the idea of an agreement between James Allin in his individual, and the same James Allin in his fiducial character. As to him, therefore, there never was any legal cause of action, because there never was any contract imposing on him any legal liability. And consequently, as to him, there was nothing to release ; and, surely, the fact that he was never bound, could, not have *70 operated as a release of the obligation of Thomas Shad-burne.
N, therefore, the plea can be sustained, it must be only because the entire contract was a nullity, in consequence °f invalidity as to Allin as a co-obligor. But can such a position be maintained by either authority, principle or analogy ? We think not. We have ^een no direct authority upon this point, unless it can be found in Debard et al. vs. Crow. [Manuscript decision — Fall Term, 1831.] In that case, this court expressed the opinion, that the legal liability of a principal obligor, in a joint and several obligation, was not affected by the fact that his surety was one of the obligees; but that, in such a case, the obligation was that of the principal only. There would be no difference between that case and this, if the bond in the latter had been joint and several, instead of being, as it is, joint, and if, also, it had shewn on its face that Allin was only a surety. But these discrepancies in the characters of the, two cases, are not so essential as to subject them to the operation of different principles. The same principle must, in our opinion, govern both cases.
If a principal obligor in a joint and several obligation could not bar’an action against himself alone, by pleading that another person, who subscribed the bond as his surety, was obligee, and therefore not bound as a co-obli-gor, why should a principal in a joint bond, bar a suit against himself alone, by a similar plea ? In each case the bond would, according to its Ieggl effect, be the obligation of the defendant only : and that is the reason why he could not avoid it by pleading that another person, who had signed it, as his surety, was not bound in law. The reason why the surety is not bound is not material to his principal, to whom the same reason does not apply. Infancy, coverture, duress, .or the fact that the obligee and surety are identical, and therefore cannot make a contract, would each be legal cause for exonerating the surety ; but they are all personal, and no one of them would affect the principal obligor, to whom none of them applied.
In joint (as in joint and several) obligations, each obligor is responsible for, the whole undertaking.
If two persons jointly owe a debt, and both sign a bond for it, payable to one' of themselves, he who is alone liable at. law, upon such bond, to his co-obligor, the ob-ligee, might bo relieved, in equity, from the payment of all above his jnst portion of the debt.
In a joint obligation, as well as in a joint and several obligation, each obligor, who is bound at all, is legally liable, in solido, for the whole undertaking. A party to a contract, who was free from personal disability and fraud, and who, for a binding consideration, freely agreed to be bound, should not be exonerated merely because another person, who had no legal capacity to bind himself, had, in form, been associated with him as an apparent co-obligor. Allin could not make a contract with himself only because he and himself are not two persons —his incapacity was personal, and did not apply to Shadburne. Allin on one side, and himself and Shad-burne on the other, were in fact and in law, only Shad-burne as one party, and Allin as the other party to the contract. Two minds only were engaged, and only those two consented. Why is not the contract legal and binding ? And why is it not the sole obligation of Shad-burne, just as it would have been if a feme covert, idiot, or slave, had signed with Shadburne, as a co-obligor ? Even if he and Allin jointly owed the consideration of the bond, the legal effect of the undertaking seems to be that he is bound for the whole amount. It is his obligation, entered into freely, and for a legal- and valuable consideration ; and the fact that the obligor justly owes one half cannot extinguish the obligation, or alter its legal effect, as a sole liability for the whole.
In such case, the sole legal liability would be coextensive with the entire undertaking, and even a plea to.the consideration would be unavailing at law. But a judgment for the whole amount of the bond might be enjoined in equity, and the obligor exonerated, by decree, from paying to the obligee more than his part of the consideration, or original debt, for which he was justly responsible prior to the execution of the bond.
But the bond itself could not be void; and, therefore, must impose a legal obligation on the sole obligor for its whole amount. Whether the consideration be joint or several, partial or commensurable, cannot be essential to the legal character and effect of the obligation. It must be either totally void, or a sole liability for the whole amount. We cannot perceive any reason why it should *72 be void. There was a competent obligor and a compe--tent obligee. There is no question of fraud, or duress, or of. a want of consideration. Allin was never bound aS an °^§01'1 because he had no legal capácity to bind himself. Shadburne had such a capacity, and agreed to be bound. He must be presumed to have known that Allin would incur no legal liability, (if such be the law,) y» ■» ¶ because every person ot legal capacity to make a contract js presumed to know the legal character and effect of that contract. He should be presumed, therefore, to know when he signed the bond, that Allin incurred no legal responsibility as a co-obligor, and that consequently the bond would be binding on himself alone. Knowing, or being presumed to have known, these things, he cannot be permitted to object to a suit on the bond according to its legal effect, and according to his presumed understanding of it when he signed it. . •
Every personea pable, in law, of contracting, is presumed to mi-derstand the le-contract.
The same er son cannot he both obligor and obligee,nor pPtl and defendant,
In Thomas vs. Thomas, 3 Lit. 8 — Sanders’ Heirs vs. Sanders’ Executors, 2 Ib. 321 — Allen vs. Gray, 1 Mon. 98— and Lyle vs. Gatewood, 5 Ib. 6 — this court decided J ’ only that the same person could not .be both obligor and obligee, and could not be both plaintiff and defendant in. the same action. But not only is there no intimation in any of those cases, that such a bond as that which we are considering would be void, but there is an implied admission in all of them, that it would be binding on an Obligor who is not also an obligee, and that a suit at law could be maintained on it against those, but those only, who may be bound. If such had not been the opinion of the court, it is reasonable to presume that, instead of arguing to prove that in consequence of a confusion of parties to the action, it could not be maintained, the court would, at once, have said that the bond was void altogether, and, therefore, that no suit at law could be maintained upon it.
In Allen et al. vs. Gray et al. (supra,) Paul Skidmore and others had signed a bond to Paul Skidmore and other different persons. The suit was brought in the names of all the obligees, against Paul Skidmore and others ; and the counsel for the plaintiffs having endeavored to shew that, as the suit had been abated as to Skidmore? *73 'the action conic! be maintained, this court said : — £i It is true the replication of the plaintiffs, to which the defendants demurred, and which was adjudged insufficient by the court' below, alleges, that after the action was commenced, and before the defendants appeared and pleaded, Skidmore departed this life, and the action as to him was abated ; but if the principle of law be as wc have supposed, (that is, that Skidmore could not he both plaintiff and defendant,) the action was irregularly commenced, and being erroneous in its origin, the error cannot have been cured by the subsequent abatement.” Here is an obvious admission, tacitly and virtually, that if the suit had not been originally brought against Skidmore, it might have been maintained. But in Debard et al. vs. Crow, that point has been directly so decided; and we have not been able to find a single authority or even dictum to the contrary. And consequently, as principle and analogy seem to sustain the doctrine ruled in Debard et al. vs. Crow, we have no disposition to overrule or unsettle it.
In this case, if, as is probable, Allin signed the bond as surety only, then the case would stand thus : as an executor was willing to be the surety of a debtor to the testator’s estate, or, in other words, was willing to dispense with security, therefore, and therefore only, the debtor insists that his own bond is void; that is, that it cannot be enforced against him, because he gave no security, or because his surety was not bound, in consequence of personal or legal incapacity to bind himself.
But whether Allin signed the hondas surety, or as a co-principal, is not essential. In either event, Thomas Shad-burne was sole obligor, and the bond has, as to him, precisely the same legal efficacy as it would have had if Al-lin had never signed it.
This conclusion appears to accord with principle, analogy, authority an A justice ; all of which seem to oppose the opposite doctrine.
There is no confusion of parties; there has been no release, by operation of law, of any preexisting legal liability ; the bond, according to its legal effect, was, ah origine, a sole and legally binding contract, by Thomas Shadburne, to pay the whole amount ; it imposed no 1c- *74 gal obligation on Allin ; the suit is brought upon the bond, as the sole obligation of Shadburne ; and, consequently, the circuit court erred in overruling the demurrer to the plea.
Wherefore, it is the opinion of this court, (Judge, Nicholas dissenting,) that the judgment of the circuit court be reversed, and the cause remanded, with instruc-tions to sustain the demurrer to the plea.