Judge Marshall
delivered the Opinion of the Court.
Henry Daniel and J. S. Magowan entered into bond to Edward Stockton and many others, stockholders of the Mountsterling Independent Bank. Among the obligees named, are the complainant, and also Daniel and Magowan, the obligors, who were themselves stockholders.
The condition of the bond recites, that Daniel had undertaken to settle up the business of the Bank; to pay all its debts to individuals, and to redeem its paper in circulation, when demanded at Mountsterling, in banking hours, according to the conditions of the charter, in Kentucky or Commonwealth’s Bank paper; and to redeem the stock, in three years, at one hundred dollars a share. To enable him to do which, he was to have all the debts, accounts, notes, books and property of the Bank, in his own right; and on performing the condition, the bond was to be void.
It appears that Crooks was the owner of ten shares, of which four remained unredeemed after the expiration of the three years; and he brought this suit in Chancery, for the recovery of four hundred dollars, for his four shares. A decree was rendered against Daniel alone for that sum, with interest; and this court is now to decide, whether the Chancellor properly took jurisdiction of the case.
The jurisdiction is asserted solely on the ground, that in consequence of the obligors being also obligees, the bond is, either not obligatory at all, or, if obligatory, would not sustain an action at law, in which the defenC^ants must also be plaintiffs.
The suit seems to have been entertained, and the decree foun¿oc[ on the idea that the bond was not obliga- . . tory. On that idea, Magowan, the security, is consid *65 ered as being entirely discharged from liability for Daniel’s performance of the condition; and Daniel himself is held liable, not by the force of his bond, but of the fact that he had acquired all the property of the bank, and was therefore, bound to pay the stockholders.
gors shall clono the business, and make distribution to the stockholders: as to the distribution, each stockholder having a separate interest, the bond and condition, as a covenant, shall be ta ken to be several, on which each stockholder may have his separate action, for damages, for a breach. Nor will his right of action be affected by the fact, that the obligors, being stockholders, are named among the obligees.
There is no foundation for the idea that the bond is not obligatory. And whatever difficulties there might be in maintaining an action at law on those stipulations in the performance of which the stockholders as a body were interested; the stipulation for the redemption of the stock, (the non-performance of which is the only ground of complaint in this suit,) is one for the breach of which, in relation to himself, each obligee towards whom there can be a breach, has an easy and perfect remedy at law, by a separate action of covenant. The payment or redemption of the stock is to be made separately to each, stockholder, and each has a separate interest in it. As to this stipulation then, the interest and cause of action is several, and not joint; and therefore, “ the covenant “ shall be taken to be several, and each of the covenan- “ tees may bring an action for his particular damage, “notwithstanding the words of the covenant are joint.” 1 Chit. Pl. 7. 1 Saund. 154, n. 1.
Wherefore, for the want of jurisdiction in the Chancellor, the decree is reversed, and the cause remanded, that the bill may be dismissed.