The Chief Justice

delivered the Opinion of the Court.
Upon a promisory note, made payable to James N. Morrison, and signed “Morrison and Stockwell,” of which firm the obligee and Allen M. Stockwell were the members and only members, Morrison brought an action of debt against the said Stockwell’s administrator—he having died intestate.
The declaration showed that, the plaintiff was one of the nominal obligors; and therefore, the Circuit Judge, being of the opinion that the note imposed no legal obligation on Stockwell, sustained a demurrer to the declaration.
The principle recognized in the case of Allin vs. Shadburne, (1 Dana, 68,) applies, in our judgment, fully to this case. The fact that Morrison was both obligee and apparent obligor, should, per se, have no other legal effect than that of making the note the single obligation of Stockwell, if, in fact, as must be presumed in fine absence of either allegation or proof to the contrary—Stockwell signed the note, or authorized the signature as made. Morrison’s legal incapacity to make a contract with himself, did not affect the capacity of Stockwell to make a binding contract with him, on one side, and in their joint, names, on the other side. The only reason why Morrison was not bound as an obligor did not apply to Stockwell. There was then a legal obligation, and it was, of course, the single obligation of Stockwell.
And we are of the opinion, also, that, in judgment of law, it was an obligation to pay the whole amount of the note; for as the note neither imports nor furnishes any certain clue for inferring, that Stockwell should not be liable for the whole, or should be liable only for any particular sum less than the whole, a court of law could *173 not curtail or apportion the amount expressly stipulated to be paid. If, on account of the consideration, or for any other cause, Stockwell’s representative should be entitled to any exoneration, his appropriate remedy would, in our opinion, be a bill in Chancery.
The note imports a contract binding on Stockwell; and the only allowable judgment upon it must be according to its apparent legal obligation.
Wherefore, the judgment of the Circuit Court is reversed, and the cause remanded with instructions to overrule the demurrer.