**Cecil, &c. vs Laughlin, &c.**

ERROR TO THE JEFFERSON CIRCUIT.

*Parties in actions at Law.   Confusion of parties.*

*Sept.* 11.   JUDGE MARSHALL delivered the opinion of the Court.

The case stated.   THIS action of covenant is founded on a bond executed by David Laughlin, Samuel Laughlin and John Gretsinger, to Cecil and seven others, the last of whom named is Samuel Laughlin. The condition recites that David Laughlin had obtained an order for attaching the steamboat Robert Emmett, until the hearing, or the further order of the Court; and provides that if the above bound David Laughlin or Samuel Laughlin and John Gretsinger, or either of them, shall well and truly pay and satisfy to the said Cecil, &c. (naming all the obligees,) or either of them, all damages which may result from said order, if found wrongful, then the obligation to be void, otherwise to remain in full force. The action is in the name of all the obligees except Samuel Laughlin, and against all the obligors including him. The declaration in both counts, avers that the plaintiffs, at the time of obtaining the said order, and also, when it was discharged, were the sole owners of said boat, and that they had sustained damages by its detention and in obtaining its discharge, and in defending the attachment, the non-payment of which damages is the breach of covenant complained of. The second count avers that Samuel Laughlin, obligor in said bond, and Samuel Laughlin obligee, is the same person, and each count shows, in effect, that the order of attachment was found to be wrongful. A general demurrer to the declaration, craving oyer of the bond and condition, and setting them out, was sustained, and the only question presented for our consideration is, whether upon the bond and condition, and the averments of the declaration, the action can be maintained by the present plaintiffs against the present defendants.

It is objected to the declaration, that as Samuel Laughlin is an obligee in the bond, the failure to join him as a plaintiff, is a fatal defect, apparent on the face of the

second count, by its averment, and shown by the oyer to exist also in the first count—and that as he is an obligee in the bond, he cannot be bound as a co-obligor therein, so that it appears that more persons are sued than are jointly liable, which is fatal as a misjoinder—and further, that if he be bound to the plaintiffs as sole obligor, the other obligors have not, by the terms of the bond, entered into any obligation to the plaintiffs alone as obligees, and are, therefore, not co-obligors with him in any such obligation. And as the same reasoning would equally show that they are not bound to him as sole obligee, it would follow that if he is bound at all, the other obligors are not.

The same man cannot, it is true, be obligor to himself as obligee, but it is equally true that he cannot be obligee to himself as obligor. An instrument in which he appeared as sole obligee and also as sole obligor, would, of course, be a nullity. If he were sole obligee and appeared to be a co-obligor with others, then the effect of the instrument would be, that the others were alone bound to him, and that he was not bound as obligor at all, as was decided in the cases of *Allen* vs *Shadburn*, (1 *Dana*, 68,) and *Morrison* vs *Stockwell*, (9 *Dana*, 172.) In such a case, in order to sustain the instrument to any extent, he must be regarded as obligee, and because he cannot be obligor to himself, he is not, in fact, an obligor at all. But suppose he appears as sole obligor and as co-obligee with others, can it be said that because he is obligee and cannot be bound to himself, therefore, he is not bound at all? May it not, with more reason, be said that because he is obligor, as he must be to give the instrument any effect, and as he may be to the other persons named as obligees, and because he cannot be bound to himself, therefore, he is bound to the others alone? And as there would be no obligation to himself, why might not the instrument be regarded as if he was not named as an obligee? A sufficient reason, perhaps, for not going to this extent in all cases, may be found in the presumption that in an instrument framed by parties to secure their own interests, the name of the sole obligor would not be inserted as a co-obligee, unless to secure or to evidence some joint interest in the subject. And this may also be

*Margin notes:*

CECIL, &c.
*vs*
LAUGHLIN, &c.

An individual cannot be both obligor and obligee on the same instrument; and if he sign a bond with another to himself, it is a nullity so far, and so far only, as he purports to be obligor to himself, (1 *Dana*, 68; 9 *Dana*, 172.)

a sufficient reason, in case the duty undertaken to be performed be entire, for not allowing the bond to be enforced at law, but referring the parties to a Court of Equity, where their respective interests may be protected.

But however this may be, it cannot he doubted that even in case of a private instrument, though one or more persons who stood as obligors, should also be named as obligees: yet if the instrument provided for the performance of several duties in which the obligees might have various interests, the obligor or obligors would be liable to an action at law upon the bond, in which one or more of the other obligees should, according to their several interests, be sole plaintiff or plaintiffs, as in the case of *Daniel* vs *Crooks*, (3 *Dana*, 64.) In that case Daniel and McGowan, the obligors, were also named, with many others, of whom Crooks was one, as obligees in the bond, all being stockholders of the Bank of Mountsterling, and one of the stipulations of the bond being for the redemption of the stock at par, without saying to whom it was to be paid ; this stipulation was construed distributively, as implying that the payment was to be made to the several stockholders, that is, according to the respective interests of the obligees in the act or acts to be done. Crooks being the sole owner of ten shares, it was decided that he might sue alone, in covenant, as having, in regard to the stipulation for paying those shares, a sole and separate interest with respect to which he might be considered as the sole covenantee. On the same principle, if Crooks and another obligee had been the joint owners of the same shares, their interest in the act or duty, the non-performance of which was complained of, being joint as between themselves, but distinct and separate as regarded the other obligees, they might be considered, with respect to the stipulation for the performance of that duty as sole joint covenantees, and might have sued jointly, omitting all the other obligees. This seems to be a necessary consequence, and indeed the true meaning of the rule as recognized in the cases of *Daniel* vs *Crooks*, *supra*, and *Burks* vs *Pointer*, (1 *B. Monroe*, 65,) and the authorities therein cited. And if Daniel had been the sole obligor, or if other persons, not named as obligees, had been co-ob-

ligors with him and McGowan, Crooks, or Crooks and his partner in the ten shares, might have sued Daniel alone, in the first case, or Daniel and McGowan, and all the obligors in the last case, precisely on the same principle on which it was decided that Crooks could sue Daniel and McGowan.

CECIL, &c.
*vs*
LAUGHLIN, &c.

The single fact then, that Samuel Laughlin appears both as an obligor and an obligee in the bond, cannot decide either that this action is brought by too few or against too many persons. Although he cannot contract with himself, he and his co-obligors may contract with the other *persons* named as obligees. Such contract may be evidenced by an instrument in which his name appears as a co-obligee; and in virtue of the rule which allows covenantees to sue separately, when the interest and cause of action is several, though the covenant be in terms joint, such a contract, evidenced by such an instrument, may be enforced by action at law, by such of the apparent obligees as have a joint interest, distinct and separate from that of the others. The question then is, does the instrument before us evidence a contract between all the obligors and the plaintiffs, as obligees? If this question be decided in the affirmative, the identity of Samuel Laughlin, as obligor and obligee, is immaterial. But it may be entitled to some weight in determining the question stated; for regarding the character of the instrument as one not framed by the parties themselves, nor evidencing a private contract made personally between them, but framed in the routine of business, by a public officer, ignorant of the parties and their interests, and relative attitudes, and subject, moreover, to mistakes, inadvertence and imposition, it is much more easy to suppose that the Clerk may improperly insert the name of a wrong person among several obligees, than that any one should actually execute the bond, who did not intend and ought not to be bound by it, or that any one who was really interested in the performance of the condition, or at least one jointly interested with others named as obligees, should either be properly a principal obligor or should unite as surety in the bond, to enable the principal obligor to do the very act against which the bond is

Joint covenantees may sue separately, where the interest and cause of action is several, though the covenant in terms be joint.

CECIL, &c.
vs
LAUGHLIN, &c.

intended to indemnify those interested. And, therefore, the fact that one of the obligors is named as an obligee, or that one of the named obligees has become an obligor, affords at once some ground for the inference that his name has been inserted among those of the obligees by mistake, or at least that he is opposed, in interest, to the other obligees, or has some interest distinct and separate from theirs, in the subject matter to which the bond relates. Upon the face of such a bond then, and from the single fact of the identity of one of the parties obligee and obligor, the presumption arises that the other obligees have a distinct and peculiar interest in the subject matter of the condition, that is, in the act or in some of the acts stipulated to be done, the non-performance of which, with the consequent damage, constitutes the cause of action. And whatever may be the case, when the stipulation is only for the performance of one entire duty, if it may be construed to be for the performance of acts or duties, in which the covenantees may be variously interested, it will, in furtherance of the rights and in pursuance of the presumed intention of the parties, be construed distributively as a covenant to the parties respectively, according to their interests in the acts to be done. When this is the true constructive effect of the instrument, all the obligors are, of course, bound accordingly, except so far as the inability of one of them to contract with himself may prevent. And as that inability cannot extend to any contract between the other obligees, on the one side, and himself and co-obligors on the other, it follows that in all stipulations or covenants in which the other obligees are expressly or constructively the sole covenantees, and in regard to all acts expressly or constructively stipulated to be done to the covenantees distributively, or all acts, in the performance of which the covenantees may have various interests, all the obligors are bound to all the obligees, according to their respective interests, except to that obligee who is also an obligor.

But again, does the instrument before us evidence such a contract? The statute, in virtue of which the boat was seized and the bond taken, (3 *Stat. Law*, 13,) requires the bond to be taken to the defendants, who were owners

of the boat—thus recognizing in them a peculiar interest which they necessarily have in the consequences of the seizure, and affording them a peculiar indemnity and an extensive remedy at law. But the owners of the boat are not present when the bond is taken, to see that they alone are named as obligees, and the Clerk has no means of knowing them but from the allegations of the complainant, which may be untrue, unintelligible or misunderstood, and from these or other causes, he is liable to err by naming persons as obligees who ought not to be such, and who may, in fact, have an interest directly opposed to that of the owners, for whose peculiar indemnity the bond is taken. Shall the owners then, in violation of the express intention of the statute, and of the presumed intention of the parties who executed the bond, because it was required by statute, and probably without knowing or caring who were the obligees, be deprived of their peculiar indemnity and embarrassed in their remedy by such an error of the Clerk? Certainly such a consequence should not be allowed, if by any reasonable construction of the instrument it may be avoided.

The condition of the bond is, that the obligation should be void if the obligors, or either of them, pay and satisfy to the obligees, or either of them, all such damages as may result from the order if found wrongful. If the words of this clause are to have effect according to their literal meaning, then the payment of the damages to any one of the obligees, though he have no interest whatever in the boat, or may be an interest wholly opposed to the owners, would discharge the obligation and deprive the owners of their indemnity. To avoid this consequence, which might often arise from the liability of the Clerk to err in inserting the names of the obligees, the words, 'or either of them,' following the names of the obligees should not be understood in their literal sense. Indeed, if the duty stipulated to be performed be one and entire, those words have, in point of law, no effect in the construction of the stipulation, which would still be regarded as a joint one to all the obligees, because the duty could not be severed. If, therefore, these words are entitled to any effect as they stand in the instrument, it may be

that they indicate some intention or understanding, that the obligees had not a joint interest in the stipulated duty, and that they should be understood as equivalent to the word "respectively." But taking the stipulation to be for paying to the obligees, jointly and severally, all damages which may result from the seizure, is it all-damages which may result to the whole world that must be paid? This could not be pretended. Indeed the statute provides that if there be other owners of the boat, not defendants, or as it says, not debtors to the complainant, a distinct bond shall be taken to them. The comprehensive expressions, "all such damages as may result," must then be restricted by construction. And in view of all the considerations which have been adverted to, and especially in furtherance of the intent and object of the statute, and of the intention of the parties to secure a peculiar indemnity to the owners of the boat, notwith-standing others may be named as obligees, the restrictive words with which this elipsis is to be supplied by construction should be, "to them respectively," or "to them according to their respective interests"—either of which expressions inserted after the word "result," would show that the stipulation was to be understood distributively as securing payment to the obligees of such damages as they might respectively sustain, and as, therefore, implying a cevenant with them, respectively, according to their interests. And the interest of the owners of the boat being joint among themselves, but several as respects the other obligee or obligees, there is, in respect of that interest, a contract with them as joint covenantees, and in which all the obligors in the bond are joint and several covenantors. This being, in our opinion, the proper constructive effect of the stipulation, the plaintiffs may maintain an action for its breach in their own names against all the obligors.

What interest Samuel Laughlin may have in the performance or nonperformance of the condition of the bond, and whether he has or might have sustained any damage from the wrongful order for the seizure of the boat, are questions not presented in this case. Looking to the nature and object of the instrument, and the circumstances

under which it must be presumed to have been framed, we are satisfied that the association of his name as obli- gee with the names of the plaintiffs, does not preclude them from asserting their separate ownership of the boat, and their separate interest in the damages stated in the declaration, nor from recovering them by action in their own names against all the obligors.

Wherefore, being of opinion that the Court erred in sustaining the demurrer to the declaration, the judgment is reversed and the cause remanded, with directions to overrule the demurrer and for further proceedings.

. *Loughborough* and *Ballard* for plaintiffs: *Wheatley and Wilcox* for defendants.

> STOKES
> *vs*
> PRESCOTT'S AD-
> MINISTRATOR.
>
> *arate acts or du-
> ties to the other
> obligees, they
> alone may sue
> thereon at law.*