CASE 20—PETITION ORDINARY—DECEMBER 28.

# Muhling vs. Sattler, &c.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

A note or obligation made payable by a person to himself creates, of itself, no legal liability. A party cannot contract with himself.

Suit was brought upon a promissory note, drawn by the defendant, payable to the order of himself, and by him endorsed to plaintiffs. The note was executed in this State, but is made payable and negotiable at the office of plaintiffs, in the city of New York. *Held*—that the note does not, of itself, impose any legal liability upon the maker; in this State it is not negotiable paper, and possesses none of the attributes of a bill of exchange. It may be admitted as evidence of previous indebtedness of the maker and indorser to the indorsee, if executed with the intent of binding the maker for the payment of such previous indebtedness, and on account thereof, when it is averred that it was thus executed and delivered.

What is the law of New York, in relation to the paper, *supra*, the court cannot judicially know, nor is it averred in the petition; but, *quere*, as the note *supra* is payable in that State, are the rights of the parties controlled by its laws?

DEMBITZ & BIJUR, for appellant, cited 5 *Mon.*, 6; *Oberdorfer vs. Albaker*, *MS. opinion*, *October*, 1858.

J. R. GREENE, for appellees.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

This suit was brought on two promissory notes drawn by Muhling, payable to the order of himself, and by him endorsed to the appellees. The notes seem to have been executed in Louisville, Kentucky, but are made payable and negotiable at the office of the appellees, in the city of New York.

The petition simply alleges that the appellees are the holders and owners of the notes, by assignment from the payee, Muhling; and avers that they are wholly unpaid, though payment was demanded at the proper place in New York. The notes, together with the assignments, are referred to and filed as parts of the petition.

Judgment was rendered by default, and the sole question to be decided is, does the petition disclose a cause of action against the maker of the notes.

It has been often decided by this court, that a note or obligation made payable by a person to himself, creates, of itself,

no legal liability. A party cannot contract with himself. As said in the case of *Allin vs. Shadburne*, (1st *Dana*, 68,) the *aggregatio mentium*, which is indispensable to the validity and creation of every contract, forbids the idea of an agreement made by a party with himself. (1 *Dana*, 68; 9 *Dana*, 172; 7 *J. J. Mar.*, 7.) And in a recent case in this court, it was held not only that such a note as we have before us did not, of itself, impose any legal liability upon the maker, but also that, in this State, it was not negotiable paper and possessed none of the attributes of a bill of exchange. The utmost effect given to it was to admit it as evidence of previous indebtedness of the maker and indorser to the indorsee, when executed with the intent of binding the maker for the payment of such previous indebtedness, and on account thereof. And, not then, unless it was averred that it was thus executed and delivered. (*Oberdorfer vs. Albaker, MS. opin., Summer Term*, 1858.)

It cannot be doubted that in England, and in some of our sister States, notes of the kind in question have been held valid and negotiable under the statute of 3d and 4th *Anne*. (10 *Q. B. reports*, 805; *Parsons on Contracts, vol.* 1, *page* 206; 11 *Humphrey's Tennessee reports*, 194; 1 *Carter's Indiana reports*, 289.) But in this State, where promissory notes are not negotiable, unless expressly so declared by statute, this doctrine has never prevailed.

What the law of New York, in relation to such paper is, we cannot judicially know, nor is it averred in the petition. The notes are payable in that State, and the rights of the parties may be controlled by its laws. But be this as it may, it is enough, at present, to say that the petition does not set forth any cause of action against appellant. There is no averment from which it can be inferred that he was indebted to the plaintiffs, except by reason of the execution and endorsement of the notes, which, as we have seen, do not impose any liability upon him.

The judgment is therefore *reversed*, and cause remanded with directions to permit the plaintiffs to amend, if they choose to do so, otherwise to dismiss the petition.