CASE 13—PETITION ORDINARY—JANUARY 15.

## Quisenberry vs. Artis.

APPEAL FROM CLARKE CIRCUIT COURT.

1. Q. and D. executed a note payable to A. and said D.   A. sued both the obligors, but abated as to D., and took judgment against Q.   *Held*—That the judgment was proper; that the note is, in effect, the joint note of Q. and D. to A., and that the latter had the right to sue both or either of the obligors, and having sued both, was properly allowed to abate as to one and take judgment against the others.   (*Code, secs.* 402, 161 )

2. Upon an obligation to *two* persons, neither has a separate right of action.   A demurrer would lie in such case, on the ground that the petition failed to state a cause of action, unless the plaintiff should aver an assignment from his co-payee.

GEO. SMITH, for appellant, cited 3 *Met.*, 287; 5 *Mon.*, 6; 1 *Mon.*, 98; 4 *Mon.*, 452; 7 *B. M.*, 610; 3 *J. J. M.*, 8; 8 *Dana*, 28; 5 *J. J. M.*, 245.

J. B. HUSTON for appellee.

JUDGE BULLITT DELIVERED THE OPINION OF THE COURT:

Quisenberry appeals from a judgment against him in favor of Artis, upon a note of Quisenberry and Daniel, payable to Artis and the same Daniel.

The fact that Daniel undertook to be both payor and payee, did not avoid the note even as to him.   If he had been sole payee, he could have recovered against Quisenberry.   (*Allen vs. Shadburn*, 1 *Dana*, 68.)   It seems clear, therefore, that the note is obligatory as between Quisenberry and Artis.

If both Artis and Daniel had the right to recover against Quisenberry, the judgment is erroneous, since, upon an obligation to two persons, neither has a separate right of action. The objection to an action by one payee, upon a note to two, is not merely an objection for the want of proper parties.   A demurrer would lie upon the ground that the petition failed to state a cause of action, unless the plaintiff averred an assignment from his co-payee, which the plaintiff in this case failed to do, his allegation that he is the legal owner of the note being a statement of a legal conclusion and immaterial.

But as there is a payee to whom Daniel's promise can enure, our opinion is that the note is obligatory upon him, as well as Quisenberry, in favor of Artis; and, as he cannot be both payor and payee, the note is valid as to him as payor, and not as payee.

The note is, in effect, the joint note of Daniel and Quisenberry to Artis. He had the right to sue both or either of them (*Code, sec.* 39), and we cannot reverse the judgment, because the court allowed him to abate as to Daniel and to take judgment against Quisenberry. (*Code, secs.* 402, 161.)

The judgment is affirmed.