## Case No. 749.

### BAILEY v. WRIGHT et al.

[2 Bond, 181.] [1]

Circuit Court, S. D. Ohio. April Term, 1868.

EQUITY—PLEADING—STATUTE OF FRAUDS.

1. Where a bill in equity charges acts of fraud, and sets up, among other things, an agreement by a defendant to execute a mortgage of real estate, and avers a failure and refusal to execute such mortgage, such defendant cannot, by plea, aver the invalidity of such agreement as a parol agreement and void under the statute of frauds, but will be required by answer to respond to the allegations of the bill.

2. The court will require all the facts to be presented to enable it to decide whether the plea of the statute of frauds will be available.

[Cited in McCloskey v. Barr, 38 Fed. 170.]

[In equity. Bill by William Bailey against C. J. Wright and H. Craft charging fraud in their failure to execute a certain mortgage. Heard on motion of complainant to strike defendants' plea from the files, and require them to answer to the merits. Motion allowed.]

R. M. Corwine, for complainant.
John L. Miner and George R. Sage, for defendants.

OPINION OF THE COURT. The bill in this case alleges, in substance, that upon certain false and fraudulent representations by the defendants, the complainant was induced to make an advance to them of $20,000, to be invested in the purchase of cotton for the benefit of all the parties. It is averred, also, that as an inducement for making said advance, and an indemnity therefor, the defendant Wright represented himself as the owner of valuable real estate in Cincinnati, which he promised to mortgage to the complainant to secure him against loss for said advance in money. The bill contains direct allegations of fraud on the part of defendants, prays for an account, and for a decree requiring the defendant Wright to execute a mortgage on the real estate in Cincinnati, according to his promise.

The defendant Wright has filed a plea to the bill, denying all the allegations of fraud, and averring as to the averments of the bill that he promised to execute a mortgage of real estate, that if any such promise was made, it was verbal, and therefore void under

---

[1] [Reported by Hon. William Cranch, Chief Judge.]
2FED.CAS.—25

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

the statute of frauds. The pending motion in the case is for an order to withdraw the plea from the files, and to require an answer to the merits. The only question intended to be presented on this motion is, whether, under the allegations of the bill, the defendant Wright can rely on his averment that the promise to execute the mortgage was void under the statute of frauds, without an answer in response to the charges of fraud in obtaining the advances of money by the complainant. The defendant has an undoubted right to set up that the agreement to mortgage was by parol, and therefore void. But the law seems now to be well settled, that where facts are asserted in a bill, the effect of which may be to take a verbal agreement out of the operation of the statute of frauds, it is incumbent on the respondent to respond by answer to such facts. This would seem to be the fair construction of the thirty-second rule of the rules of practice in chancery, adopted by the supreme court for the guidance of the courts of the United States. And such seems to be the law applicable to the question, as laid down by Judge Story. Story, Eq. Pl. 591.

It is clear that a plea merely setting up the invalidity of an agreement under the statute of frauds, where other facts are averred in the bill in support of the complainant's equity, and which may be of a character to require a court to ignore the plea of the statute, the defendant should be required to file his answer to such facts. Such, it seems to the court, is in accordance with the spirit and design of the thirty-second rule before referred to. And without deeming it necessary, in deciding the present motion, to refer to the frauds alleged in the bill, and without intimating any opinion upon the question, whether, if the frauds charged were proved, the legal effect would be to supersede the plea of the statute of frauds, and present the entire transaction for inquiry on the broad principles of equity, an order will be entered requiring the defendants to file their answer to the bill. There can be no hardship in such an order. The defendants should gladly avail themselves of the opportunity of denying the frauds charged. I trust they will be able to acquit themselves of all imputations impugning their integrity in the transactions set out in the bill.