## McCloskey *et al.* v. Barr *et al.*

### (*Circuit Court, S. D. Ohio, W. D.* March 9, 1889.

1. EQUITY—PLEADING—SEPARATE PLEAS—FILING WITHOUT LEAVE.

It is not usual, nor in conformity with proper practice, for a defendant, without previous special leave of court, to file several separate pleas, or to present several distinct and independent defenses in one plea; the object of a plea being to reduce the cause, or some distinct part of it, to a single issue.

2. SAME—PLEAS—REQUISITES.

The rules of equity pleading require that the averments of a plea in bar shall be so clear, positive, and distinct as to render the plea a complete equitable and legal bar, and enable the complainant to take issue upon its validity.

**3. SAME—SETTING DOWN PLEA FOR ARGUMENT.**

While the act of the complainants in setting down a plea for argument, instead of replying to it, operates as an admission of the facts therein alleged, which are well pleaded, yet, in deciding upon the validity of the plea, the bill, so far as it remains uncontradicted, is assumed to be true.

**4. SAME—AVERMENTS OF TITLE.**

A plea that defendant is "the sole owner in fee-simple" of the property described in the bill, without stating any facts from which the court can see whether defendant is the owner in fee or not, is bad.

**5. SAME—ADVERSE POSSESSION.**

A plea "that at the time of the bringing of this suit, and long prior thereto, this defendant was, and still is, in the open, notorious, continuous, and exclusive possession of the said premises as the sole owner thereof, and claiming and holding adversely to the complainants and the whole world," is bad, in that it consists of conclusions of law.

**6. SAME—STATUTE OF LIMITATIONS.**

A plea of the statute of limitations to a bill for partition, which does not negative the fact alleged in the bill that certain of the complainants were under disability when their rights of possession accrued, and have so continued, is bad.

**7. SAME—OUSTER AND DISSEISIN.**

A plea that "complainants were at the time of bringing this suit, and long prior thereto, ousted and disseised, and out of possession of said premises," states a mere conclusion of law, and is wholly wanting in proper averments of facts and circumstances to sustain that conclusion.

**8. SAME—MATTERS FOR DEMURRER.**

A plea which presents matters proper for demurrer—as multifariousness—will be overruled.

In Equity. Bill for partition and accounting, filed by Sarah E. McCloskey and others against Samuel Barr and others. On hearing as to sufficiency of pleas.

*C. W. Cowan, H. T. Fay*, and *Howard Ferris*, for complainants.

*Lincoln, Stephans & Bateman, Harper, Coppock & Hammel, Henry Van Mater, Simrall & Mack*, and *E. P. Bradstreet*, for defendants.

JACKSON, J. This cause is now before the court on the sufficiency of the pleas filed herein by Ed. A. Foy, William A. Blanchard, Henry Van Mater, and others, defendants, adopting the same, and agreeing to be bound by the action of the court thereon, to the second amended bill, filed by complainants November 7, 1888. The case made and presented by said second amended bill is briefly this: The complainants allege that they, together with certain of the defendants other than those interposing said pleas, were the legal heirs of Mary Jane Barr, who was seised in fee in remainder of the 160 4-10 acres of land described in the pleadings, subject to the life-estate therein of one Maria Bigelow; that their said ancestor, the tenant in fee in remainder, departed this life intestate November 21, 1821, when said estate in remainder descended and became vested in them and the other heirs and descendants of said Mary Jane Barr (made parties defendant) as tenants in common; that the life-tenant, Maria Bigelow, died August 3, 1860, when their right of possession and that of their co-tenants accrued, and that at the date of the accrual of their right of possession upon the termination of said life-estate several of the complainants, specially named, were under the dis-

ability of coverture and infancy. The bill seeks special discovery of the defendants, whether all of them, other than the Barr heirs and descendants, do not derive such title and possession as they respectively have through and under the life-tenant, Maria Bigelow, together with the dates at which they acquired such title and possession, and also for partition, and an account for rents. The above-named defendants file pleas in bar of the suit, joining therewith answers in support of the pleas. The pleas recite that they are filed by leave of the court first had and obtained, but there is no order of record granting such leave. The pleas of the several defendants are substantially the same, and allege:

"(1) That at the time of the bringing of this suit, and long prior thereto, this defendant was, and still is, the sole owner in fee-simple of the entire title of the following described premises, viz., (then setting out certain lots or parcels of land in Cincinnati.) (2) That at the time of the bringing of this suit, and long prior thereto, this defendant was, and still is, in the open, notorious, continuous, and exclusive possession of the said premises as the sole owner thereof, and claiming and holding adversely to the complainants and all the world. (3) He further says that the said complainants were, at the time of the bringing of this suit and long prior thereto, ousted and disseised and out of possession of said premises, and he says that complainants seek, by their second amended bill, to recover the possession of a portion of the said land, and to establish their title therein; wherefore he says that the relief sought by the said complainants' second amended bill is not of equitable cognizance, and that they have adequate remedy at law to recover possession, and establish their title, if any they have. (4) And this defendant further for plea saith that he is the sole owner and holder of the premises described in his first plea above, reference to which is hereby made part hereof; that said second amended bill is exhibited against this defendant and some two hundred other defendants in possession of distinct tracts or parcels of land included within the tract described in the second amended bill; that this defendant has no interest or claim to tracts held and owned by the other defendants, and the said other defendants have no claim to or interest in the tract held by this defendant described in the first plea aforesaid; and this defendant says that if his case is mixed up and joined with the case of the other defendants in possession he will be put to large expense, and great vexation and delay, by reason of the contention between the said complainants and the other defendants in possession, in which he has no interest, and from which he can derive no benefit. Wherefore he saith that the second amended bill is exhibited against him and the said other defendants for several distinct and independent matters and causes, which have no relation to each other, and in which he is in no way interested and concerned, and ought not to be implicated."

Then, without "waiving his said plea," the defendant proceeds to answer so much of complainants' said amended bill as he deems material to make answer unto, and denies that complainants are seised in fee and entitled to the possession of an undivided one-fifth part or of any part of the real estate described in said amended bill or in the first plea; denies the defendant Barr heirs or descendants are seised in fee of an undivided one thirty-fifth part or any part of the real estate described in said amended bill or in the first plea of defendant; denies that the unknown heirs of Margaret Hattersley are seised in fee of an undivided one thirty-fifth part or of any part of the real estate described in the amended bill or in his first plea. The same denial is made as to

other named defendants alleged in the bill to have an undivided one thirty-fifth part of the land described in said bill. He further denies that all of the defendants other than those specifically named above are seised in fee-simple of the remaining 25-35 part or of any part of the lands described in the bill or in his first plea, jointly, or in common, or in any way together; but avers that each of the said defendants in possession is the owner of and seised in possession and law severally of distinct parcels or tracts of land within the large tract described in said amended bill. He further denies that upon the death of the said Maria Bigelow the defendants, other than those above specifically named, or those under whom they claim, entered into possession of the real estate described in the said amended bill or in this defendant's first plea, as tenants in common with the complainants and the other defendants herein. "Wherefore the defendant demands the judgment of this court whether he shall be compelled to answer complainants' said amended bill, and humbly prays to be dismissed with his reasonable costs." The pleas are properly certified to by counsel, and sworn to by the defendant. The complainants have set them down for hearing without making any reply thereto, which operates as an admission of all the facts therein alleged, which are well pleaded, for the purpose of determining whether any or either of them constitutes a sufficient answer to the suit. It is not usual, or in conformity with proper practice, for a defendant, without previous special leave of the court, to file several separate pleas, or to present several distinct and independent defenses in one plea to the suit, for the reason that the defense proper for a plea is such as reduced the cause or some distinct part of it to a single point or issue; the object of the plea being to save litigants the expense and trouble of going into the evidence, and a trial at large. In Mitf. & T. Eq. Pl. 381, it is said that—

"It is generally concurred that a plea ought not to contain more defenses than one; and, though a plea may be bad in part and not in the whole, and may accordingly be allowed in part and overruled in part, yet there does not appear any case in which two defenses offered by a plea have been separated, and one allowed as a bar."

The reason for this rule is fully and clearly explained on pages 382 and 383 of the same work. The plea may consist of a variety of facts and circumstances, without being bad for duplicity or multifariousness, provided they furnish as their result one clear ground upon which the equity of the bill, or the part thereof pleaded to, may be disposed of. 1 Daniell, Ch. Pr. 607; Story, Eq. Pl. § 654; *Didier* v. *Davison*, 2 Sandf. Ch. 61. In the present case the plea or pleas present four separate, distinct, and inconsistent defenses, viz.: (1) That defendant was at the commencement of the suit, and still is, sole owner in fee-simple of the particular lots or parcels of land described; (2) that at the bringing of the suit he was, and still is, in the open, notorious, continuous, and exclusive possession thereof, claiming and holding adversely to complainants; (3) that complainants were, before and at the time of bringing their suit, ousted and disseised, and out of possession, and therefore

their remedy is at law; and (4) that the suit is multifarious in joining defendant with others holding and claiming distinct parcels of the land described in the bill. Here we have averments of ownership in fee, ouster and disseisin of the complainants, adverse possession, or the bar of the statute of limitation, and multifariousness, all interposed and tendered or issued to complainants, to be tried, if replication is made thereto, before defendant can be called upon to answer, and make the discovery sought by the interrogating portion of the bill. In *Emmott* v. *Mitchell*, 9 Jur. 171, it was held that a plea which was in effect a plea of the statute of limitations and of no liability ever incurred, was double, and inconsistent, and therefore bad. So, in *Watkins* v. *Stone*, 2 Sim. 49, it was held that a plea which averred that a fine was levied of an estate claimed by the bill, and that such estate was the only part of the property claimed in which the defendant had any interest, should be overruled as a double plea. The pleas interposed in the present case do not indicate whether they go to the whole bill or to any particular portion of it. Nor is this defect in the pleading aided in any way by the answer filed in support of the plea. It is in fact difficult to perceive what support was intended to be given the pleas by the answers filed in connection therewith, which fail to deny the material facts alleged in the bill. If complainants should reply to those pleas, and take issue thereon, and any one or more of the defendants filing the same should sustain his plea or pleas, would the whole bill be dismissed? If not, what portion of it? Again, pleas in bar are not favored, inasmuch as the defendant, especially in equity suits, has other and ample modes of defense open to him. They are accordingly required to be explicit in their averments, and upon their face to disclose a complete defense. All the facts necessary to render the plea a complete equitable bar to the case made by the bill (so far as the plea extends) must be clearly and distinctly averred in order that the complainant or plaintiff may take issue upon them. In a plea in bar the defendant assumes the *onus probandi*, and must state the case or facts on which he relies with the same clearness that a plaintiff or complainant is required to do when by his suit or bill he tenders the defendant an issue. When the defendant undertakes by plea setting up matters *in pais* to bar the complainant, it is just as incumbent on him to set out the facts on which he relies as it will be incumbent to prove them on the trial of issues tendered. Strictness is demanded in such pleas. Thus it has been held that in a plea of a release the defendant must set out the consideration upon which the release was made in order to make the plea good. So, in setting up the plea of innocent purchasers without notice, the plea must contain all the requisites of such a defense including the payment of the consideration. In *Secombe* v. *Campbell*, 18 Blatchf. 108, the plea interposed was that of a *bona fide* purchaser for a "good and valuable consideration, to-wit, a certain sum of money then advanced and paid by him to her;" the court held that the plea was bad for not setting the amount of the consideration in traversable form. So, when the plea interposes the statute of frauds, the court will require all the facts to be presented to enable it

to decide whether the plea will be available. *Bailey* v. *Wright*, 2 Bond, 181.

Now, taking the pleas in question by those well-settled rules, we notice first that it is not clearly and distinctly stated in either of the several pleas that the particular lots or parcels of land set out in the first plea forms a part of or is included in the 160 4-10 acres described in complainants' bill. That fact is only inferentially disclosed in the third and fourth pleas. But it is not for the court to indulge in inferences to support this first plea, even conceding that the averments of one plea could be looked to in order to supplement and cure defects in another setting up a distinct defense. Again, the first plea, setting up ownership in fee-simple in and to the parcel or parcels mentioned therein, does not exhibit any title to such parcel or parcels, nor does it allege how, or from whom, defendant acquired such ownership in fee. It does not state any fact or facts from which the court can see that defendant is the owner in fee-simple. The averment of title in a pleading is not the allegation of a fact, but of the consequence of facts. Aside from this, the complainants have as much right to require defendant, in setting up ownership, to state his title, as the defendant had to require the complainants (as was done herein at a former term) to set out more specifically how and through whom they claimed to have derived their rights and interest in the land sought to be partitioned. Suppose complainants should be required to reply to this plea in its present shape, the defendant might, upon the trial of the issue thus presented, attempt to show title under and by virtue of the statute of limitations and adverse possession, and thus merge his separate pleas. The defendant says he is the owner in fee, but his plea does not, on the face of it, show to the court that he has such a title as to form a complete equitable or legal bar to the case made by the bill. This first plea is evasive in that it does not disclose the defendant's whole case on the facts. Instead of setting forth the facts on which his claim of ownership is founded in a traversable form, the defendant has contented himself with making his own deductions therefrom, and averring only what is a proper conclusion of law. It is well settled that an averment of a conclusion of law is generally bad pleading. It raises no issue, does not prevent judgment being rendered on the pleadings, need not be denied, and is not admitted by demurrer. It may not always be easy to determine or to describe what is a conclusion of law, and what is merely an averment of fact. But numerous adjudged cases settle, as we think, that defendant's first plea should be treated as averring a conclusion of law when considered in the light of the admitted allegations of the bill. In *Larimore* v. *Wells*, 29 Ohio St. 13, an averment that a note was "not outstanding" against the defendant was held to be a conclusion of law. So with the averment that there was "nothing due thereon." So in *Van Wert* v. *Webster*, 31 Ohio St. 420, an allegation that an "injury will be irreparable" was held to be a conclusion of law, and bad, if the facts were not stated. In *Quisenberry* v. *Artis*, 1 Duv. 30, an averment that one was the legal owner of the note sued on was held to state only a legal conclu-

sion. In *Poorman* v. *Mills*, 35 Cal. 118, the averment was that the party was "owner and holder," and this was held to state only a legal conclusion. In *Thompson* v. *Cook*, 21 Iowa, 472, it was held that an averment that a certain chose in action had become the property of a party, without averring how, as by assignment, etc., was a legal conclusion, rather than a fact, and the defect in the pleading could be reached by motion. In *Farley* v. *Kittson*, 120 U. S. 303–318, 7 Sup. Ct. Rep. 541, where the subject of pleas in bar is considered at length, Mr. Justice GRAY, speaking for the court, says:

"The averments in the third part of the plea, that by reason of the plaintiff's position as receiver and general manager of the railroads his entering into the agreement sued on, and engaging in the enterprise of purchasing the bonds and thereby acquiring the railroads, were unlawful, and did not entitle him to the aid of a court of equity to enforce the agreement, * * * were averments of pure matter of law, * * * not to be availed of by plea."

See, also, *Bank* v. *Insurance Co.*, 104 U. S. 76, 77.

It was entirely practicable for defendant to set out in this first plea the title under which he claimed the ownership in fee of the designated parcel, without making the discovery called for by the bill, and this he should have done. While the act of the complainants in setting down the plea for argument, instead of replying thereto, operates as an admission of the facts therein alleged which are well pleaded, it must also be borne in mind that in deciding upon the validity of the plea the bill, so far as it remains uncontradicted, is assumed to be true. In *Farley* v. *Kittson*, 120 U. S. 317, 7 Sup. Ct. Rep. 534, it was said that, even on the trial of the plea after replication thereto, allegations of the bill not denied by the plea " were conclusively admitted to be true." Applying this rule to the present case, and assuming that the lots or parcels of land mentioned in the first plea are included in the 160 4-10 acre tract described in the bill, we find that neither said plea, nor the answer in support thereof, denies that Mary Jane Barr held an estate in fee in remainder in the said 160 4-10 acre tract; that she died in 1821 intestate, leaving the complainants, and those under whom they claim, together with the Barr defendants or their descendants, as her heirs at law, in whom said estate in remainder vested as tenants in common; that the life-tenant, Maria Bigelow, died in August, 1860; that complainants' interest in said estate was as stated in the bill; that the possession thereof was exclusively held by all or certain of the defendant heirs co-tenants with themselves or others claiming under them. These facts being conclusively admitted, the defendant's plea in bar does not disclose that he claims ownership in fee-simple from any other source or chain of title than through the life-tenant, or some of the heirs of Mary Jane Barr. If he does he should have averred the fact. The rule of pleading requires his averments to be so clear, positive, and distinct as to render his plea a complete equitable and legal bar, and enable the complainants to take issue upon its validity.

The second plea of the statute of limitations is defective in not negativing the fact alleged in the bill that certain of the complainants were

under disability when their rights of possession accrued, and have so continued. This plea is otherwise defective and bad in not showing when the adverse possession of defendant commenced. The bar of the statute of limitations does not clearly appear from the face of the plea. In *Hardman* v. *Ellames*, 2 Mylne & K. 732, it was held that a plea that the title of the plaintiff, or of the person through whom he claims, accrued at a particular time, and that the possession of the property, and the receipts of the rents and profits thereof, have been adverse to him and the person through whom he claimed ever since that time, should be overruled if it did not set forth the facts and circumstances constituting such adverse possession, because adverse possession may consist in various things; and, if none of those are specified, the plaintiff may have no precise knowledge of the defense which he is to meet. Their plea is furthermore defective in stating a legal conclusion without giving all the material facts on which that conclusion rests.

The same objections apply in all their force to the third plea of ouster and disseisin, which clearly states a conclusion of law, and is wholly wanting in any proper averments of facts or circumstances to sustain that legal conclusion. This plea does not present on its face any equitable bar to the case made by the bill, and is fatally defective and bad.

As to the fourth plea, that presents properly matter for demurrer, and even as a demurrer it would not present a proper ground of objection to the bill.

Our conclusion is that these pleas are all insufficient, and should be disallowed and overruled, and it is accordingly so ordered, with costs. The defendants interposing said pleas may have leave to treat them as answers in the cause, if they elect so to do, or they may file new answers herein, and they are allowed 30 days within which to answer.